**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

MILTON C. MILLER,

               Petitioner,    :        Case No. 2:26-cv-00036

  - vs -                         District Judge Michael H. Watson
                                     Magistrate Judge Michael R. Merz

JAY FORSHEY, WARDEN,
  Noble Correctional Institution,

                                    :
             Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Milton Miller under 28 U.S.C. § 2254, seeks relief from his conviction in the Franklin County Court of Common Pleas on three counts of sexual battery (Petition, ECF No. 1, PageID 1).  On the Court's Order, Respondent has filed the necessary State Court Record (ECF No. 5) and a Return of Writ (ECF No. 6).  Petitioner has filed a Reply in support of the Petition (ECF No. 8), making the case ripe for decision.

**Litigation History**

On April 6, 2023, a Franklin County grand jury indicted Petitioner on four counts of gross sexual imposition in violation of Ohio Revised Code § 2907.05, two counts of rape in violation of Ohio Revised Code § 2907.02, and four counts of sexual battery in violation of Ohio Revised Code § 2907.03 (Indictment, State Court Record, ECF No. 5, Ex. 1).  The alleged victim was identified as "N.S." and described as a minor under the age of thirteen at the time of some of these offenses

1

and as Petitioner's stepdaughter in others.  *Id.*  Pursuant to a plea agreement, Petitioner pled guilty to three counts of sexual battery and was sentenced to three consecutive thirty-six month sentences.

On January 29, 2024, Miller *pro se* sought leave to file a delayed appeal and appointment of counsel (State Court Record, ECF No. 5, Ex. 6).  The Ohio Tenth District Court of Appeals granted the motion and appointed counsel, but Petitioner voluntarily dismissed the appeal on May 7, 2024. *Id.* at Ex. 11.  More than a year later on July 23, 2025, Miller, *pro se*, moved to reinstate the appeal, but the Tenth District denied the motion and the Ohio Supreme Court declined jurisdiction over an appeal.  *Id.* at Exs. 14, 20.

Miller then filed his Petition in this Court, pleading one ground for relief:

> **Ground One: Petitioner Received Nominal Representation On His Appeal Of Right**
>
> **Supporting Facts:** Appellate counsel coerced Petitioner into dismissing appeal by misleading him to believe sentencing errors could be raised in the trial court. After seeking ill-advised remedy, Petitioner realized he had been bamboozled and sought to renounce waiver and reinstate appeal of right. Petitioner explained to state courts that appellate counsel only appeared in name and offered no effective assistance, only a friend of the court of appeals.

(Petition, ECF No. 1, PageID 5).  Petitioner avers that he deposited his Petition in the prison mail system on January 5, 2026. *Id.* at PageID 10.

Respondent asserts the Petition is barred by the statute of limitations, 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

2

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Anticipating a statute of limitations defense, Miller argues in Item 18 of the Petition that it is timely because

> Delayed appeal dismissed May 7, 2024, making habeas due on or before August 5, 2025, (90 days included for certiorari).  Tolled for post-conviction petition on February 11, 2025, to March 10, 2025. Notwithstanding this tolling, filed to reinstate appeal of right on July 23, 2025, leaving (13) days on original August 5, 2025, deadline. Ohio Supreme Court declined jurisdiction on December 23, 2025, making habeas due on or before January 5, 2026.

(Petition, ECF No. 1, PageID 8-9).

The Magistrate Judge disagrees with this calculation on many points.  We begin with the question when the conviction became final.  The dismissal of the appeal was made on Petitioner's

3

Motion (State Court Record, ECF No. 5, Ex. 10).  Attached to the Motion is a signed statement by Miller to the effect that he has consulted with appointed counsel several times and understands the advice he has been given, which was that the issue he wished to raise on appeal were more appropriately raised in a petition for post-conviction relief or a motion to withdraw the guilty plea. There is no evidence of record that counsel coerced this withdrawal.  Indeed, counsel appointed in this case, Kort Gotterdam, has an excellent reputation in this Court for litigating post-conviction matters.

Because Miller sought this dismissal, he had nothing to appeal to the Ohio Supreme Court. His conviction thus became final when the appeal was dismissed, May 7, 2024.  The statute began to run the next day and expired May 7, 2025, unless tolled.  A petition for post-conviction relief under Ohio Revised Code § 2953.21 is a recognized means of collateral review while pending, if properly filed.  Miller claims tolling because of his post-conviction petition.  The Common Pleas Court denied the post-conviction petition on the merits, implicitly holding that it was properly filed.  Petitioner is therefore entitled to tolling for the period while the petition was pending, February 11, 2025, through March 10, 2025, a total of twenty-nine days.  That extends the statute's expiration date until June 4, 2025.

Petitioner also claims tolling for the time his motion to reinstate his direct appeal was pending.  However, a motion to reinstate a voluntarily dismissed appeal is not a collateral attack on the judgment, but an attempt to reinstate a direct attack. Had the Tenth District granted the reinstatement, that would have changed the starting date for the statute.  There is no right under Ohio law to reinstate a voluntarily dismissed appeal.  If we interpreted the phrase "properly filed collateral attack" in 28 U.S.C. § 2244(d)(2) to include any attempt to reinstate a direct appeal,

4

however meritless, that would completely defeat the purpose[1] of the statute of limitations.

**Conclusion**

The Petition in this case is barred by the statute of limitations and should be dismissed with prejudice on that basis.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 25, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

---

[1] In interpreting a statute a court should:

> 1. Decide what purpose ought to be attributed to the statute and to any subordinate provision of it which may be involved; and then
> 2. Interpret the words of the statute immediately in question so as to carry out the purpose as best it can, making sure, however, that it does not give the words either (a) a meaning they will not bear, or (b) a meaning which would violate any established policy of clear statement.

Hart and Sacks, THE LEGAL PROCESS (Eskridge & Frickey ed. 1994), p. 1169.  "It is one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary; but to remember that statutes always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their meeting."  *Cabell v. Markham*, 148 F.2d 737, 739 (2nd Cir. 1945)(L. Hand, J.)

objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #